New Orleans Insurance Association *v.* Holberg & Klaus, use, etc.

1. Fire Insurance.  *Assignment of policy.   Sale of goods.   Consent of company.*
P. sold his stock of goods to H., and assigned his policy of insurance thereon to H. by a written indorsement on the policy, which assignment was attested by the agent of the insurance company, by whom the policy was issued, and who knew of the sale of the goods.  *Held,* that there was a sufficient compliance with a condition in the policy declaring the policy void if the goods be sold or the policy assigned without the written consent of the company.

2. Same.  *Concurrent insurance.   Obtaining without notice.*
The terms of a contract of fire insurance which require a written indorsement of permission for all concurrent insurance are not violated where, on the expiration of one concurrent policy properly allowed by an indorsement in writing on the policy, a new policy is taken out in another company for exactly the same amount as the old, without any such indorsement.

3. Same.  *Condition against sale of property.   Sale by one partner to another.*
A policy of fire insurance contained a condition against the sale of the insured property, without the consent of the company.  *Held,* that, where the assured are partners, a sale by one to the other of his interest in the property insured without the consent of the company does not violate such condition.

APPEAL from the Circuit Court of Noxubee County.

HON. W. M. ROGERS, Judge.

On November 11, 1884, J. Pollock & Co., owners of a stock of merchandise, in Macon, insured the same in several companies, for the aggregate amount of fifteen thousand dollars, against loss by fire. The several policies were issued by the companies through their local agent, R. C. Patty, who countersigned and delivered them to the insured. One policy for four thousand dollars was taken in the New Orleans Insurance Association. On November 18, 1884, Pollock & Co. sold their stock of merchandise to Jacob Holberg and A. Klaus, composing the firm of Holberg & Klaus.

On the policy of the New Orleans Insurance Association the following was written: "For value received we hereby transfer, assign, and set over unto Holberg & Klaus and their assigns, all our right, title, and interest in this policy of insurance, and all benefit and advantage to be derived therefrom. Witness our hand and seal this twenty-second day of November, 1884. J. Pollock & Co. Sealed and delivered in presence of Robert C. Patty." Patty also made an entry of this assignment of the policy in a book kept by him for that purpose. This policy of insurance contained the following condition: "If any change takes place in the title or possession of the property, whether by sale, transfer, or conveyance, legal process or judicial decree, or the policy is assigned without consent of the association indorsed hereon," then this policy is to be void. There was also a condition requiring a written permission indorsed on the policy to be given before concurrent insurance might be taken out.

On December 10, 1884, Klaus withdrew from the firm of Holberg & Klaus, and released by parol to his partner, Jacob Holberg, all his interest in the stock of merchandise and the several policies of insurance thereon. No written transfer was ever indorsed on the policy of the New Orleans Insurance Association, and no consent to such transfer ever procured to be so indorsed.

On April 1, 1885, Patty issued to Holberg a policy of insurance in the Home Insurance Company for five thousand dollars, this policy reciting that Holberg already had concurrent insurance in

the New Orleans Insurance Association for four thousand dollars, and in the Columbus Banking and Insurance Company for six thousand dollars, making the total insurance fifteen thousand dollars, the same as when the policy of the New Orleans Insurance Association was issued.   A fire having occurred in Macon, Jacob Holberg brought this action in the name of Holberg & Klaus on his policy of insurance against the New Orleans Insurance Association.   Some additional facts are stated in the opinion of the court.   The verdict and judgment were for the plaintiff, and the defendant appealed.

*Woods, McIntosh & Williams,* for the appellant.

1. We submit that the judgment of the lower court cannot stand.   It was absolutely necessary for the insured to show that he had sustained some loss by fire during the life of the policy. The testimony does not show that assured sustained any loss at all, either from damages, by removal of goods, or total or partial destruction by fire.

2. Is a sale by one partner to another such a change of title or possession as to work a forfeiture under the condition of the policy which provides against any change of title or possession ?

Conditions similar to this have been before the courts frequently, and in some cases conditions identical with this have been passed on by the courts under facts identical with the facts in this case, viz. : where the copartnership is dissolved one partner retires from the business, and it is continued by the remaining partner, he becoming the sole owner.

The cases are in great conflict apparently, but when the exact terms of the policy are looked to there is but little if any conflict. The policy in this case provides if there shall be " any change in the title," not an alienation, not a sale, but if there is any change.   What is meant by a change of title in this connection ?   It would seem to be plain and simple enough if the term is to be accepted in its plain and ordinary sense.   If the title to a certain piece of property is in A and B, and A sells his interest in the property to B, then the title would be in B alone, instead of being in A and B. Here there would undoubtedly seem to be a change of title.

If two are in partnership, owning equal interest, and one sells

to the other one-quarter of his interest, retaining a one-quarter interest, the interests are shifted, but the title to the property remains the same as it did before the sale of the one-quarter interest.

Every partner owns the partnership property subject to the ownership of the other partner, and is only owner for the purposes of the partnership business. No particular part or parcel of the property belongs to either partner absolutely, but he has his own interest in the whole. Should the partners agree not to sell the partnership property, when one partner should say, " The firm will sell nothing, but I will take this as my own and will sell it to you," such a sale would pass no title, for the reason that the title to the property was not in the partner who undertakes to sell absolutely but in the two. When one partner sells to another then the title to the property becomes absolute in the purchaser, and he has such title as would enable him to convey to any one.

This seems to be clearer when we consider the legal effect of such a sale upon the property itself, as between the partners and third parties. Before the sale it was in the power of either partner to have the entire property dedicated or applied to the payment of partnership debts, debts that were contracted in and about the partnership business; and further, if the interest of one partner in the partnership property be sold on execution, the purchaser of the property would only get the interest of that partner after all the debts of the partnership are satisfied. Not so after the sale from one partner to the other partner; the title is so completely changed that another set of creditors, the individual creditors of the purchasing partner, can appropriate all the property held by the purchaser to the exclusion of all the creditors of the old partnership. 55 Miss. 597; Parsons' Part. 168, star page.

We beg the attention of the court to the following authorities, in which the doctrine contended for by us is announced, and cases distinguished from cases cited by opposing counsel : *Hathaway* v. *State Ins. Co.*, 52 Am. Rep. 436 ; *Dix* v. *Mercantile Ins. Co.*, 4 Bennett Fire Ins. Cases 380 ; *Baltimore, etc., Ins. Co.* v. *McGowan*, 4 Bennett Fire Ins. Cases 428; *Wood* v. *Rutland Ins. Co.*, 4 B. F.

I. Cases 333 ; *Dreher* v. *Ætna Ins. Co.*, 3 B. F. I. Cases 574; *Keeler* v. *Niagara Ins. Co.*, 16 Wis. 523 ; *Finley* v. *Lycoming Ins. Co.*, 30 Pa. 311 ; *Savage* v. *Howard Ins. Co.*, 5 B. F. I. Cases 484 ; *Western Mass. Ins. Co.* v. *Recker*, 4 B. F. I. Cases 604 ; *Powers* v. *Guardian, etc., Ins. Co.*, 136 Mass. 108 (reported 49 Am. R. 20, with notes) ; *Hartford Fire Ins. Co.* v. *Ross*, 23 Ind· 179 ; *Wood* v. *Rutland, etc., Ins. Co.*, 31 Vt. 552 ; *Barnes* v. *Union, etc., Ins. Co.*, 51 Maine 110 ; May on Insurance 280 ; Flanders on Insurance 428 and 429 ; Phillips on Insurance 429, vol. 1 ; *Girard F. & M. Ins. Co.* v. *Hebard*, 95 Pa. 48 ; *Murdock* v. *Chinaugo Co. Mut. Ins. Co.*, 3 B. F. I. Cases 50, note.

*R. P. Williams*, of counsel for the appellant, argued the case orally.

*Bogle & Bogle*, for the appellee.

1. Is the transfer from one partner to his copartner of his interest in the firm property such a " change in the title or possession " as will forfeit the policy, unless the consent of the company is indorsed on the policy ?

The authorities are in conflict on this question. Some of the authorities go upon the peculiar phraseology of the provision in the particular policy ; as, for example, in *Hartford Fire Insurance Co.* v. *Ross*, 23 Ind. 179, the policy prohibited a change of title or of " any interest " in the property, and in *Hathaway* v. *State Ins. Co.*, 64 Iowa 229, the provision was, " If the title of the property is transferred, incumbered, or changed," the court holding that the language of the provision appears to have been carefully selected and that effect must be given to the words used, that " transferred " covers all kinds of absolute sales or conveyances of the entire interest of the assured in the property ; the word " incumbered" covers all mortgages or liens ; and the word " changed," having been deliberately used in the provision after these other words, must be given a meaning different from that given the other words ; that it cannot be applied to absolute sales, because they had been provided for by the use of the word " transferred ;" it cannot be held to apply to mortgages, liens, etc., because they had been provided for by the word " incumbered ;" so, of necessity,

the word " changed " was held to apply to transfers of an interest less than the entire ownership.

The words of the provision in the policy of defendant do not require that construction to be given to them. The provision is as follows : * * * * " If any change takes place in the title or possession of the property, whether by sale, transfer, or conveyance, legal process, or judicial decree; * * * * then and in every such case this policy shall be void." The change that is prohibited is such a change as is affected by sale, transfer, or conveyance ; and the clause has the same meaning and will receive the same construction as if it read "if the property shall be sold, transferred, or conveyed."

We think the decided weight of authority is that a transfer from one partner to his copartner is not a sale, transfer, or conveyance, or a change in title or possession, within the meaning of these policies. *Hoffman* v. *Ætna Ins. Co.*, 32 N. Y. 405 ; *Burnett* v. *Eufaula Ins. Co.*, 46 Ala. 11 ; *Pierce* v. *Nashua Ins. Co.*, 50 N. H. 297 ; *Cowan* v. *Iowa State Ins. Co.*, 40 Iowa 551 ; *Dermani* v. *Home Mutual Ins. Co.*, 26 La. Ann. 69 ; *West* v. *Cit. Ins. Co.*, 27 Ohio St. 1 ; *Powers* v. *G'd F. & L. Ins. Co.*, 136 Mass. 108 ; *Texas B. & Ins. Co.* v. *Cohen*, 47 Texas 406 ; *Wilson* v. *Genesee M. Ins. Co.*, 16 Barb. 511 ; *Hobbs* v. *Memphis Ins. Co.*, 1 Sneed 444 ; *Keeny* v. *Horne*, 71 N. Y. 396.

2. The company also claims that the policy was forfeited by the additional insurance taken out in the Home Insurance Company on April 1, 1885. This policy in the Home was issued by Patty, who was agent for both companies. Holberg applied to Patty for additional insurance, without specifying in what company he wished it, and Patty selected the company. In this last policy Patty recites that " ten thousand dollars concurrent insurance " exists on the property, referring to the policy of the defendant for four thousand dollars, and that of the Col. Ins. & B. Co. for six thousand dollars. Where both policies are issued by the same person as agent for two companies, this is notice to both companies, and indorsement is not necessary. May on Ins. 370–2 ; *Schoener* v. *Hekla*, 10 Ins. L. J. 306 ; *Miner* v. *Phœnix Ins. Co.*, 27 Wis. 693; *Union Ins. Co.* v. *Murphy*, 4 Atlantic Rep. (Pa.) 352, decided March 1, 1886.

*A. C. Bogle,* of counsel for the appellee, argued the case orally. *Orr & Sims,* on the same side.

The appeal in this case is on this question, Does a sale by one partner of his interest in the goods insured, to his copartner, vitiate the policy?

It has been extensively and learnedly discussed, and if the weight of authority and the soundness of reasoning can settle the question it may be assumed that such sale does not vitiate the policy.

The cases in the United States are all collected in the American Reports and American Decisions. *Burnett* v. *Eufaula H. Ins. Co.,* 7 Am. Rep. 581; *Pierce* v. *Nashua Ins. Co.,* 9 Am. Rep. 235; *Cowan* v. *Iowa State Ins. Co.,* 20 Am. Rep. 583; *Dermani* v. *Home Ins. Co.,* 21 Am. Rep. 544; *West* v. *Citizens' Ins. Co.,* 22 Am. Rep. 294; *Texas B. & Ins. Co.* v. *Cohen,* 26 Am. Rep. 299; *Hoffman* v. *Ætna Ins. Co.,* 32 N. Y. 405; *Powers* v. *G. F. & L. Ins. Co.,* 49 Am. Rep. 22; and the many other cases cited in these cases.

There are decisions on the other side. Seven supreme courts have held that such assignment vitiates the policy, but NINE others, including that of the United States, hold that it *does* NOT.

Every text writer we have examined holds that reason and authority say sale by one partner to another does not invalidate the policy. Wood, May, Sansum, Angell, and Phillips.

Arnold, J., delivered the opinion of the court.

The policy was not forfeited by the sale and assignment from Pollock & Co. to Holberg & Klaus. The written attestation of the assignment of the policy, indorsed on the policy by the agent of the association who issued the policy, with knowledge of the sale of the goods, was a sufficient compliance with the terms of the policy in reference to sale and assignment.

No condition of the policy was violated by the insurance taken on the stock of goods after the policy sued on was issued. There was insurance to the amount of eleven thousand dollars on the goods at the time the policy in suit was issued, and this concurrent insurance was recognized and allowed by an indorsement in writing on the policy in suit. The subsequent cancellation of one of

the policies for a part of the eleven thousand dollars, and the issuance of a new policy by a different company for the exact amount of the cancelled policy, did not vary the terms of the contract.

The sale or transfer by Klaus of his interest in the stock of goods to his partner, Holberg, without the consent of the association indorsed on the policy, was not a breach of the condition of the policy against a change in the title or possession of the property by sale, transfer, or conveyance. Under a literal construction of this provision of the policy, if the assured in the usual course of business had sold any article of their stock to any person, or if either of the partners had died, and his interest had thereby devolved upon his heirs or the surviving partner, or if in the exigencies of business any variations had occurred in the character and amounts of the respective interest of the assured in the stock as among themselves, the policy would have become void. It cannot be believed that such was the intention of the parties. If any such result was contemplated, it should have been clearly expressed in the policy. It cannot be fairly implied from the language employed or from the nature and object of the contract. A better view, not inconsistent with the language and purposes of the contract, is to regard the provision as inserted in the policy for the protection of the insured against the risk of having strangers, without its consent, substituted in the place of the original parties with whom it contracted, and to construe the provision as intended not to interdict all sales, transfers, and conveyances, but only such as were made by the parties insured to parties not insured by the contract. Wood on Fire Ins., § 334, and authorities there cited.

The judgment would be unhesitatingly affirmed if it were shown that the stock of goods was burned as alleged, but there is no evidence or proof of loss whatever in the record, and for this reason the                                                        *Judgment is reversed.*